# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **Douglas J. Brickley, Trustee for the CryptoMetrics, Inc. Creditor's Trust,** § § § | |
| Plaintiff, § § | |
| v. § § | Misc. Case No. 5:13-mc-00336-OLG |
| **Robert T. Barra, et al.,** § § § | |
| Defendants. § | |

### SCANTECH IDENTIFICATION BEAM SYSTEMS, LLC's REPLY TO PLAINTIFF'S LIMITED OBJECTION TO THE MOTION TO WITHDRAW THE REFERENCE PURSUANT TO 28 U.S.C. § 157(d), SUBJECT TO MOTION TO DISMISS

Defendant, ScanTech Identification Beam Systems, LLC ("SIBS") files this Reply to Plaintiff's Limited Objection (the "Response") to SIBS's Motion to Withdraw the Reference Pursuant to 28 U.S.C. § 157(d) (the "Motion"), Subject to a Motion to Dismiss [Adv. Dkt. No. 134] ("the "Motion to Dismiss") and respectfully states as follows:

### Summary of Argument

1. The Court should withdraw the reference for multiple reasons, including (a) that mandatory withdrawal of the reference is required because the Bankruptcy Court lacks jurisdiction to adjudicate the merits of the lawsuit, (b) it would be more efficient to adjudicate the matters at the district court level when the Plaintiff concedes that the district court should adjudicate the claims asserted in the Amended Complaint, and (c) the jury demand filed by the Plaintiff was opposed by all defendants, which precludes the bankruptcy court from conducting a jury trial.

2. Plaintiff concedes that the reference should be withdrawn. Plaintiff quarrels only with the timing of the withdrawal. What Plaintiff wants is for the bankruptcy court, which lacks

subject matter jurisdiction, to handle all aspects of the case pre-trial, and only then should the reference be withdrawn and the case sent to the district court. We know of no precedent for this awkward procedure and fail to see how it could be more efficient than withdrawing the reference right now. Since the bankruptcy court concededly lacks subject matter jurisdiction, each and every pre-trial ruling made by the bankruptcy court, all of which will be on non-bankruptcy law issues, will be subject to *de novo* review by the district court before the case can be tried. Plaintiff's premise is that the case can be neatly tied up in a proverbial pre-trial bow by the bankruptcy court for a simple and immediate trial thereafter by the district court. The premise is wrong. The proposed procedure will not be more efficient. In fact, it will lead to unnecessary duplication of judicial effort by two separate courts.

## Procedural Background

Motion to Withdraw the Reference

      3.      On April 8, 2013, SIBS filed the Motion in the bankruptcy court. [Adv. Dkt. No. 135.]

      4.      On April 22, 2013, Plaintiff filed its Response to the Motion in the bankruptcy court. [Adv. Dkt. No. 137.]

      5.      On April 23, 2013, the bankruptcy clerk's office transferred the Motion and the Response to the United States District Clerk's Office. [Adv. Dkt. No. 138.]

Jury Demand

      6.      On March 8, 2013, Plaintiff filed a jury demand in the adversary proceeding. [Adv. Dkt. No. 104.]

      7.      On March 21 and 22, 2013, all Defendants filed a response to the jury demand and did not consent to the bankruptcy court conducting a jury trial in the adversary proceeding. [Adv. Dkt. Nos. 125, 126, 127 and 128.]

## Arguments and Authorities

8. The district court should withdraw the reference regarding all claims asserted against SIBS in the Amended Complaint.

9. First, the bankruptcy court lacks subject matter jurisdiction to adjudicate the claims against SIBS as alleged in the Amended Complaint. *See* Motion to Dismiss. For this reason alone, the claims against SIBS should be withdrawn to the district court for adjudication.

10. Moreover, the bankruptcy court lacks the ability to conduct a jury trial. 28 U.S.C. § 157(e). In order for the bankruptcy court to conduct a jury trial, the bankruptcy judge must be "specially designated to exercise such jurisdiction by the district court" **and** there must be "express consent of all the parties." *Id.* In this case, all defendants oppose the bankruptcy court conducting a jury trial, therefore the bankruptcy court lacks the ability to conduct the jury trial, even if such a jury trial right exists. *Id.* The reference should be withdrawn and the matter should be tried in *toto* by the district court.

11. While the Plaintiff concedes in the Response that the reference should be withdrawn, Plaintiff argues that should occur only once the case is "trial ready." *See* Response at ¶¶ 1, 15. In other words, the Plaintiff intends for the district court to be the ultimate adjudicative body regarding the claims, however, the Plaintiff would prefer to utilize the bankruptcy court much like a magistrate court. *Id.*

12. Plaintiff's rationale for retaining the pre-trial matters at the bankruptcy court is puzzling. Magistrate courts are required to submit reports and recommendations to the district court on dispositive motions. 28 U.S.C. § 636(b); *see also* FED. R. CIV. P. 72(b)(3) (providing that, when a party properly objects to the report and recommendation produced by the magistrate judge, the district court must review *de novo* the recommendation). It defies principles of efficiency to have the bankruptcy court (with a separate bankruptcy clerk's office) consider pre-

trial pleadings in the case, all of which are not related to the bankruptcy case, and transmit the recommendations to the district court for *de novo* review.  The district court should withdraw the reference immediately and determine the pending jury demand and all pending dispositive motions.  Allowing the bankruptcy court to rule on the jury demand and the various motions to dismiss will be an inefficient use of judicial resources.  The district court is the proper forum to determine the jury demand and the pending motions to dismiss.

13. For the reasons stated herein and in the Motion, the standing order of reference should be withdrawn because the Amended Complaint avers facts that are non-core, non-related among non-debtors, and that will require the Court to consider non-bankruptcy law.

WHEREFORE, SIBS respectfully requests that the Court withdraw the reference of the Adversary Proceeding and grant SIBS such further legal and equitable relief as is appropriate.

Respectfully submitted this 29th day of April, 2013.

        HAYNES AND BOONE, LLP

        */s/ Lamont A. Jefferson*
        Lamont A. Jefferson
        State Bar No. 10607800
        Abigail Ottmers
        State Bar No. 24037225

        112 East Pecan Street, Suite 1200
        San Antonio, Texas 78205
        Telephone: (210) 978-7000
        Facsimile: (210) 978-7450
        lamont.jefferson@haynesboone.com
        abigail.ottmers@haynesboone.com

        ATTORNEYS FOR DEFENDANT SCANTECH
        IDENTIFICATION BEAM SYSTEMS, LLC

## **CERTIFICATE OF SERVICE**

This certifies that on April 29, 2013, a true and correct copy of the *Reply to the Limited Objection to the Motion to Withdraw the Reference* was served via e-mail on the parties who receive electronic notice in this case pursuant to the Court's ECF filing system, and upon the parties identified below in the manner indicated, in accordance with the Federal Rules of Civil Procedure.

                                             */s/ Lamont A. Jefferson*
                                             Lamont A. Jefferson

| | | |
|---|---|---|
| Joel F. Shaw | Mike Yaqub | Suzan Z. Yaqub |
| 64 Hobin St | 365 Bay Ridge Drive | 365 Bay Ridge Drive |
| Box 1761 | Daly City, California | Daly City, California |
| Sittsville ONT K2S 1G8 | 94014 | 94014 |
| Canada | *Pro Se Defendant* | *Pro Se Defendant* |
| *Pro Se Defendant* | *Via First Class Mail* | *Via First Class Mail* |
| *Via First Class Mail* | | |