IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
SEP - 6 2013
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
            DEPUTY CLERK

| | |
|---|---|
| DOUGLAS J. BRICKLEY, TRUSTEE FOR THE CRYPTOMETRICS, INC. CREDITORS' TRUST §§§§<br><br>  Plaintiff, §§<br><br>VS. §§<br><br>ROBERT T. BARRA; ET AL., §§§<br><br>  Defendants. § | Misc. Case No. 5:13-mc-00336-OLG |

**SUR-REPLY IN OPPOSITION TO THE MOTION TO WITHDRAW THE REFERENCE PURSUANT TO 28 U.S.C. § 157(d), SUBJECT TO MOTION TO DISMISS**

TO THE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Douglas J. Brickley, Trustee for the CryptoMetrics, Inc. Creditors' Trust (the "Trustee"), by and through the undersigned counsel, hereby files this Sur-Reply in Opposition to the Motion to Withdraw the Reference Pursuant to 28 U.S.C. § 157(d), Subject to Motion to Dismiss ("Sur-Reply"), and respectfully states as follows:

1. The only contested issue regarding the Motion of ScanTech Identification Beam Systems, LLC to Withdraw the Reference Pursuant to 28 U.S.C. § 157(d), Subject to Motion to Dismiss ("Motion to Withdraw Reference") is whether such withdrawal should occur immediately or when this matter is ready for trial. The Trustee, acknowledging that cause exists to withdraw the reference, has proposed that the matter remain with the Bankruptcy Court until ready for trial.[1] In its Reply to Plaintiff's Limited Objection to the Motion to Withdraw the Reference Pursuant to 28 U.S.C. § 157(d), Subject to Motion to Dismiss ("Reply"), Defendant

---

[1] *See Plaintiff's Limited Objection to the Motion of ScanTech Identification Beam Systems, LLC to Withdraw the Reference Pursuant to 28 U.S.C. § 157(d), Subject to Motion to Dismiss* ("Response"), at 7-9.

ScanTech Identification Beams Systems, LLC ("New IBS") argues – once again distorting the state of relevant case law – that the reference should be withdrawn immediately. The need to correct these misstatements of the applicable case law necessitates the instant Sur-Reply.

2. New IBS essentially makes two arguments: (i) the use of the Bankruptcy Court to preside over pre-trial matters is "awkward"; and (ii) New IBS "know[s] of no precedent for [such] procedure."[2] The Trustee contends that little need be said regarding New IBS's complaint that allowing the Bankruptcy Court to preside over pre-trial matters is "awkward." To promote judicial economy, the use of magistrate judges to preside over pre-trial matters is standard practice in this district where, as here, complex issues are involved in the litigation. In the matter at bar, the Bankruptcy Court would fulfill a similar role and better serve judicial economy due to its familiarity with key issues – especially those involving substantive issues of bankruptcy law – and familiarity with this action.

3. New IBS's second argument – that no precedent exists for such procedure – is patently incorrect. Indeed, in his Reply, the Trustee provided numerous examples of the use of such a procedure.[3] As detailed in the Trustee's Response, district courts have routinely found that allowing a bankruptcy court to preside over pre-trial proceedings prior to withdrawing the reference is preferable to immediate withdrawal of a case to the district court. *City Bank v. Compass Bank*, No. 11-MC-372, 2011 U.S. Dist. LEXIS 129654 at *12 (W.D. Tex. Nov. 9, 2011) (noting that the bankruptcy court was "in the best position to monitor discovery and narrow the issues to be resolved at trial"); *Levine v. Blake (In re Blake)*, 400 B.R. 200, 207 (Bankr. S.D. Tex. 2008) (recommending that – to further judicial economy – withdrawal should be deferred

---

[2] *Reply*, at 2.

[3] *Response*, at 7-8.

until the bankruptcy court ruled on all dispositive motions) (report and recommendation adopted by district court at *Levine v. Blake (In re Blake)*, 400 B.R. 200, 202-03 (S.D. Tex. 2008)); *Asacrco LLC v. Augusta Resource (Arizona) Corp. (In re Asarco)*, Civ. No. CC-08-128, 2008 U.S. Dist. LEXIS 50715 at *3 (S.D. Tex. June 26, 2008) (maintaining adversary proceeding in bankruptcy court "to promote judicial economy and efficiency until the case is ready for trial"); *Contreras v. United States*, Civ. No. C-06-369, 2006 U.S. Dist. LEXIS 82507 at *1-2 (S.D. Tex. Nov. 10, 2006) (denying motion to withdraw reference until case was ready for trial); *Adelphia Commc'ns Corp. v. Rigas (In re Adelphia Commc'ns Corp.)*, Civ. No. 02-8495, 2003 U.S. Dist. LEXIS 9349 at *8 (finding that cause did not exist to withdraw the reference in a civil RICO proceeding because the case was "still in the pre-trial stage and extensive discovery and motions practice remain[ed]"). Remarkably, rather than address these authorities or offer any distinction regarding their applicability here, New IBS makes the puzzling representation that it "know[s] of no precedent for [such] procedure." As the Trustee has demonstrated, however, there is in fact substantial precedent for this procedure.

WHEREFORE, the Trustee requests that the Court enter an order requiring that: (i) the Adversary Proceeding remain before the Bankruptcy Court during the pre-trial stage; (ii) the reference be withdrawn upon certification by the Bankruptcy Court that the proceeding is "trial ready"; and (iii) for such other and further relief as is just and proper.

Respectfully submitted this 8th day of May, 2013.

> **KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
>
> By /s/ David L. Curry, Jr.
> James W. Bartlett, Jr.
> Texas Bar No. 00795238
> Email: jbartlett@kasowitz.com
> Norman W. Peters, Jr.
> Texas Bar No. 00788194
> Email: npeters@kasowitz.com
> Paul J. Zoeller
> Texas Bar No. 24008886
> Email: pzoeller@kasowitz.com
> David L. Curry, Jr.
> Texas Bar No. 24065107
> Email: dcurry@kasowitz.com
> 700 Louisiana, Suite 2200
> Houston, Texas 77002
> Telephone: (713) 220-8800
> Facsimile: (713) 222-0843
>
> **Attorneys for Douglas Brickley, Trustee of the CryptoMetrics, Inc. Creditors' Trust**

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2013, a true and correct copy of the above pleading was furnished to participants of CM/ECF via electronic mail.

> /s/ David L. Curry, Jr.
> David L. Curry, Jr.